UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CV-117-F

| | |
|---|---|
| EDDIE F. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| TOWN OF SHARPSBURG, ) | |
| Defendant. ) | |

This matter is before the court on the *pro se* Plaintiff's "Motion For Reconsideration Or In The Alternative To Amendment Of Judgment (Under FRCP 59 and 60)" [DE-246]. The Town of Sharpsburg has responded, and Plaintiff has filed an untimely reply. This motion is therefore ripe for ruling.

## I. PROCEDURAL HISTORY

On March 27, 2009, the court ruled on the parties' cross Motions for Summary Judgment [DE-127; DE-173], the Defendant's "Motion to Reconsider, and Alternatively, Defendant's Objection to the Order of United States Magistrate Judge Gates, Dated November 25, 2008" [DE-222], Plaintiff's Motion to Correct and or Clarify [DE-234], Plaintiff's Motion to Strike [DE-235], Defendant's Motion to Strike [DE-238], and Defendant's Motion to Strike Or, in the Alternative, Motion to Exclude [DE-183]. Specifically, the court excluded a number of items of evidence proffered by Powell, and allowed Defendant's motion for summary judgment on the sole remaining claim in this action: discriminatory discipline in violation of Title VII. *See* March 27, 2009 Order [DE-243]. Plaintiff Eddie F. Powell ("Powell") now moves this court pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure to reconsider its March 27, 2009, Order.

## II. ANALYSIS

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertance, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60.

Powell asserts in his motion that the court made numerous errors in its March 27, 2009, Order. Specifically, he contends that the court erred by (1) excluding portions of an Employment Security Commission ("ESC") hearing, (2) excluding newspaper articles proffered by Powell, (3) excluding affidavits proffered by Powell, and (4) allowing Defendant's motion to dismiss, or in the alternative, motion for summary judgment. Powell also contends that "Misconduct and Irregularity" mandate that the court reconsider its March 27, 2009, Order. Specifically, he contends that he was not allowed to review a copy of his depositions and make changes thereto. He also contends that he was denied access to the closed minutes of a town meeting. Finally, Powell contends that he should have been allowed to present his arguments at a hearing in front of the undersigned. Powell has failed to satisfy either Rule 59 or Rule 60, and therefore his motion [DE-247] is DENIED.

2

Case 4:06-cv-00117-F   Document 252   Filed 05/13/09   Page 2 of 4

With regard to the court's rulings on excluding portions of the ESC hearing and various newspaper articles and affidavits submitted by Plaintiff, *see* March 27, 2009, Order [DE-243] at pp. 6-10, the court, after a thorough *de novo* review, is confident that its rulings are correct and in accordance with the law. Similarly, the court is confident that its ruling on Defendant's motion for summary judgment on Powell's disparate discipline claim is correct and in accordance with the law, and there is no basis under either Rule 59 or 60 for the court to reconsider the March 27, 2009, Order.

Powell's assertions of misconduct also do not compel the court to allow his motion to reconsider. First, the court notes that it did not consider Powell's October 19, 2007, deposition in making the rulings in the March 27, 2009, Order. Second, the court notes that Powell did not make any objections to the court's consideration of his December 14, 2007, deposition prior to the court's ruling on the various dispositive motions. Even though Powell argues he filed "Motions to Intervene" in an attempt to correct "misstatements and possibly misunderstandings" in the depositions, the "Motions to Intervene" filed by Plaintiff on the record make no mention of any mistakes in his deposition or his need to review the depositions. *See* Motion for Intervention [DE-165]; Motion for Intervention [DE-168]. Moreover, the record shows that the court reporter made numerous attempts to contact Powell and he did not follow through with arranging to receive a copy of the deposition, even after the 30-day period specified in Rule 30 had expired. *See* Response [DE-248], Ex. A (Declaration of Ginger Eason Huber and attached exhibits). *See also* Fed. R. Civ. P. 30(e)(allowing a deponent or party 30 days after being notified that the transcript is available to review the transcript and proceeding and to make changes). Even more importantly, Powell does not specify what corrections he would make to the deposition or how these corrections would impact the court's analysis of his disparate discipline claim.

3

Powell's assertion that Defendant failed to disclose the minutes from closed sessions also does not compel the court to reconsider its March 27, 2009, Order. Indeed, the record shows that Powell himself submitted these minutes in support of his motion for summary judgment, prior to the court's March 27, 2009, Order. *See* Emergency Closed Session Notes dated 7/31/04 [DE-233-9]. Therefore, the court does not perceive how the parties' dispute over *when* the minutes were produced impacts its March 27, 2009, Order allowing the Town's motion for summary judgment on Powell's disparate discipline claim.

Finally, Powell contends that he was under the impression that he would have the opportunity in a hearing, "to explain in detail the significance of each and every document used as evidence in a hearing." Reply [DE-251] at p.1. The undersigned expressly advised Powell, however, in a January 29, 2009, Order [DE-232] of the following: "Motions in this court normally are determined without a hearing. Local Civil Rule 7.1(i), EDNC. Parties are expected to file all supporting evidence with the motions. Therefore, to the extent that Powell's motion is requesting a hearing, the motion is DENIED." January 20, 2009, Order [DE-232] at p. 2. The undersigned then allowed Powell to file a supplementary memorandum to the pending dispositive motions, and advised him to file admissible, relevant evidence in support thereof. *Id.* Powell, therefore, cannot credibly claim that he was expecting a hearing on the pending motions.

For the foregoing reasons, Powell's "Motion For Reconsideration Or In The Alternative To Amendment Of Judgment (Under FRCP 59 and 60)" [DE-246] is DENIED.

SO ORDERED. This the _13th_ day of May, 2009.

JAMES C. FOX
Senior United States District Judge