UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CV-117-F

| | | |
|---|---|---|
| EDDIE POWELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| TOWN OF SHARPSBURG, | ) | |
|     Defendant. | ) | |

This matter is before the court on two unrelated motions: the Town of Sharpsburg's motion for sanctions [DE-249] and the *pro se* Plaintiff's "Motion For Dismissal Pursuant To FRCP 41(a)" [DE-253]. Neither party has responded to the other party's motion, and the time to do so has passed. Thus, the motions are ripe for review.

A.    <u>Plaintiff's "Motion for Dismissal"</u>

This case was closed by judgment issued on March 27, 2009. [DE-244]. The judgment issued pursuant to the undersigned's order ruling on, among other things, dispositive cross-motions for summary judgment. [DE-243]. Summary judgment was granted to the Town, and the time to note an appeal has passed.

Post-judgment, Plaintiff filed a "Motion for Reconsideration Or In The Alternative To Amendment of Judgment (Under FRCP 59 and 60)." [DE-246]. The court denied that motion on May 13, 2009. [DE-252]. It appears Plaintiff now attempts to avoid the court's judgment by seeking an order dismissing the case. His motion is not proper and must be denied. Rule 41(a)(1) of the Federal Rules of Civil Procedure, which allows a plaintiff to dismiss a case without a court order, requires either a notice of dismissal before the defendant serves an answer

or by voluntary stipulation by either party. Neither situation applies here. Rule 41(a)(2) allows a court to dismiss an action at the plaintiff's request "on terms that the court considers proper." Dismissal post-judgment is entirely improper. Rather, Rules 59 and 60 of the Federal Rules of Civil Procedure specify the means to obtain relief from, or alter or amend, a judgment. As the court noted in its last order, Plaintiff has not satisfied any requirements under Rules 59 or 60 to obtain relief from, or alter or amend, final judgment in this matter. Accordingly, Plaintiff's "Motion For Dismissal Pursuant to FRCP 41(a)" [DE-253] must be denied.

B.   Town's Motion for Sanctions

The Town now moves for sanctions against Plaintiff for failing, since June 2008, to pay $28.85 in copying fees (from discovery material the Town copied at Plaintiff's request). Pursuant to a court order [DE-189], the Town was permitted to charge Plaintiff $.15 per page that Plaintiff wanted copied. According to the Exhibit A of the Town's motion, Plaintiff has paid $38.00 and $37.00 for copying fees, but not the remaining $28.85.

The Town correctly points out that, pursuant to Rule 37 of the Federal Rules of Civil Procedure, a trial court has broad discretion to impose sanctions on a party for failure to comply with a discovery order. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 39-40 (4th Cir 1995). The Town argues Plaintiff has a "lengthy history of failing to comply with Court Orders." [DE-250 at 5]. While the court agrees that this litigation has been complicated by Plaintiff's failure to comply with rules of court and court orders, the court is wary to impose sanctions now for a minor failing on Plaintiff's part. The amount owed is rather insignificant. Moreover, in balancing the equities, the court is reminded that the Town's conduct in discovery has not been perfect. On November 25 2008, the court, by Magistrate Judge James E. Gates, found the Town

had willfully destroyed relevant evidence and sanctioned the Town accordingly. [DE-221]. In light of these considerations, the court at this time will not exercise its discretion to impose sanctions on Plaintiff for failing to pay defendant the remaining $28.85 owed pursuant to a discovery order. However, as the Town requests in its motion, the court will order Plaintiff to pay the amount outstanding to the Town. Plaintiff Eddie Powell is cautioned that failure to comply with this order may cause the court to impose monetary or any other appropriate sanctions on Plaintiff.

C. Conclusion

For the foregoing reasons, Powell's "Motion for Dismissal Pursuant to FRCP 41(a)" [DE-253] hereby is DENIED and the Town of Sharpsburg's Motion for Sanctions [DE-249] hereby is DENIED IN PART AND ALLOWED IN PART. Plaintiff Eddie Powell is DIRECTED to pay the Town of Sharpsburg the $28.85 owed to the Town pursuant to a previous court order [DE-189] on or before **July 10, 2009**.

SO ORDERED.

This the 19th day of June, 2009.

JAMES C. FOX
Senior United States District Judge